# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

STEPHEN HARRIS                                                          PLAINTIFF

v.                                                                 No. 4:09CV119-A-D

CHRISTOPHER EPPS, ET AL.                                               DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Steven Harris ("Harris"), who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Harris claims that the defendants violated his right to due process by placing him in isolation and endangered his safety and well-being by housing him in Unit 32 of the Mississippi State Penitentiary. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

When Harris was housed at the Mississippi State Penitentiary, he notified prison officials that placing him in the general population would put his life at risk. However, on June 11, 2008, defendant Ricky Scott lodged a detention notice against Harris, identifying him as a member of the Insane Vice Lord gang. The next day, Harris was transferred from Unit 29-K to Unit 29-L. He was then validated as a member of the Insane Vice Lords because of a rule violation report (# 829132) dated February 23, 2008, alleging that Harris and others assaulted another inmate in a gang-related confrontation. Harris later admitted his gang involvement during an interview with Ricky Scott during which they discussed the February 23, 2008, incident. Harris was then

transferred to Unit 32 at the Mississippi State Penitentiary, where he believed that he was in imminent danger of serious physical harm. He has since been moved to the East Mississippi Correctional Facility.

## Discussion

Harris claims that the defendants violated his right to due process by validating him as a member of a Security Threat Group and placing him in more restrictive housing. In addition, he claims that the defendants failed to protect him by placing him in Unit 32 of the Mississippi State Penitentiary at Parchman. For the reasons set forth below, these allegations will be dismissed for failure to state a claim upon which relief could be granted.

## Due Process

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process

Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974).  *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5ᵗʰ Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

The defendants' decision to validate Harris as a member of the Insane Vice Lords led to his placement in isolation.  This is the same condition described in *Sandin*; thus the housing was not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life;" instead, placement in isolation fell "within the expected parameters of the sentence imposed by a court of law," *Sandin*, 115 S. Ct. at 2300, 2301 (citations omitted).

### Failure to Protect

"The Eighth Amendment affords prisoners protection against injury at the hands of other inmates." *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5ᵗʰ Cir. 1986) (citations omitted).  Deliberate indifference is the "standard to apply in the context of convicted prisoners who claim[] denial of medical care or the failure to protect." *Grabowski v. Jackson County Public Defenders Office*, 47 F.3d 1386, 1396 (5ᵗʰ Cir. 1995).  To support his claim of deliberate indifference, Harris must allege that the defendants acted with reckless disregard to the possibility that his placement in Unit 32 would endanger his physical well-being.  To state this claim, Harris must allege that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).  Harris has not met this standard.  He has not alleged why he believes he was in danger,

what actions the defendants took to place him in danger, or that he was harmed in any way because of the defendants' actions. He has since been moved to another facility – away from the units in which he believed he was in danger. As such, the plaintiff's claim that the defendants failed to protect him shall be dismissed with prejudice for failure to state a claim upon which relief could be granted.

In sum, all of the plaintiff's claims will be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the ___16th___ day of November, 2009.

 **/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**